IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| vs. | ) Civil Action No. 05-920 |
| | ) Related to Criminal No. 03-279 |
| SHAWN E. MORIN | ) |

MEMORANDUM

I

Before the Court is the motion of the defendant, Shawn E. Morin, to vacate, set aside or correct sentence under 28 U.S.C. § 2255. For the reasons set forth below, the motion will be denied.

II

The history of this case may be summarized as follows:

The defendant was charged in Indictment No. 03-279 with one count of bank robbery in violation of Title 18, United States Code, Section 2113(a).[1] Following the defendant's arrest, his application for appointment of counsel was approved and Stanley W. Greenfield, Esquire entered his appearance for the defendant. Subsequently, the parties reached a written plea agreement, and, on April 14, 2004, the defendant appeared before the Court and pleaded guilty to the bank robbery charge in the indictment. A sentencing hearing was scheduled for June 30, 2004, and, on that date, the defendant was sentenced to a term of imprisonment of 57

---

1. The indictment charged the defendant with robbing the Citizens Bank located at 656 Broadway Avenue in McKees Rocks, Pennsylvania on November 29, 2002.

months.[2]  The defendant did not appeal the sentence imposed upon him.

III

A

Turning to the defendant's first argument in support of his Section 2255 motion, as noted above, the defendant was sentenced to a term of 57 months' imprisonment. The defendant contends that his plea of guilty to the bank robbery charge set forth in Indictment No. 03-279 was based on Attorney Greenfield's prediction that, by pleading guilty, the defendant was exposing himself to a range of imprisonment of only 24 to 30 months. Because Attorney Greenfield's prediction in this regard proved to be inaccurate, the defendant maintains that his guilty plea was

---

2. The defendant's base offense level for the bank robbery charged in the indictment was 20 under Section 2B3.1 of the United States Sentencing Guidelines ("the guidelines"). The defendant's base offense level was increased by 2 levels under Section 2B3.1(a)(1) of the guidelines because the loss to the bank was $5,000.00. However, based on the defendant's acceptance of responsibility, his offense level was decreased by 3 levels under Section 3E1.1 of the guidelines, resulting in a total adjusted offense level of 19. The defendant's adult criminal convictions resulted in 10 criminal history points to which 2 additional points were added under Section 4A1.1(e) of the guidelines because the defendant committed the bank robbery less than 2 years after his release from custody for a sentence imposed by the Court of Common Pleas of Allegheny County, Pennsylvania. Accordingly, the defendant's criminal history category was V. Based on a total adjusted offense level of 19 and a criminal history category of V, the defendant's range of imprisonment under the guidelines was 57 to 71 months. The defendant does not dispute the accuracy of the calculation of his sentencing range under the guidelines.

not voluntary and that he is entitled to relief from the sentence imposed upon him. After consideration, the Court finds this argument meritless.

In Masciola v. United States, 469 F.2d 1057 (3d Cir. 1972), a federal prisoner, Ralph Masciola, appealed the district court's denial of his motion for post-conviction relief under 28 U.S.C. § 2255. The motion was premised on Masciola's claim that his trial counsel inaccurately "assured" him that if he pleaded guilty, he would receive a sentence which would run concurrently with a sentence he was already serving. The Third Circuit affirmed the district court's denial of Masciola's Section 2255 motion, holding that inaccurate assurances by counsel, or the erroneous expectations of a defendant, as to sentencing are not in and of themselves grounds for permission to withdraw a guilty plea or for reversal of a conviction. The Third Circuit stated in relevant part:

* * *

> At the time of his plea, Masciola answered affirmatively the presiding judge's questions whether he (1) knew the contents of the indictment; (2) knew the facts alleged in the indictment; (3) was voluntarily pleading guilty; (4) knew he could be sentenced to five years in prison or fined $10,000, or both; and (5) desired to forego a jury trial. He answered negatively questions whether he had received (1) threats or promises to induce the guilty plea; or (2) understandings as to what sentence he would receive.
>
> In challenging the voluntariness of the guilty plea, Masciola filed affidavits with the district court

3

reciting counsels' assurances. The Government moved to dismiss the petition. The court granted the petition to dismiss without a hearing, relying solely on the affidavits and the record of the pleading proceedings.

An erroneous prediction of a sentence by defendant's counsel does not render a guilty plea involuntary. Wellnitz v. Page, 420 F.2d 935 (10th Cir.1970). Here, with no facts alleged to indicate that counsels' assurances were any more than predictions based on counsels' knowledge and experience the Wellnitz principle is applicable.

When the pleading proceedings record shows clearly that defendant was questioned as to the voluntariness of his plea, there is no need for an evidentiary hearing to reconsider the voluntariness issue when the only claim is that counsel inaccurately predicted the sentence. Swanson v. United States, 304 F.2d 865 (8th Cir.), cert. denied, 371 U.S. 894, 83 S.Ct. 194, 9 L.Ed.2d 127 (1962); Moore v. United States, 334 F.2d 25 (5th Cir.1964). Defendant acknowledged when pleading that he was aware that he could be sentenced to five years. Any "understanding" he had as to the sentence was based only on counsels' assurances; he alleges no understanding with the prosecutor. Petitioner is therefore not aided by reliance on Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), and, in view of the foregoing record in the plea proceedings, a post-conviction hearing is not required. Compare United States ex rel. Culbreath v. Rundle, 466 F.2d 730 (3d Cir.1972). The district court committed no error in refusing to grant a § 2255 hearing.

\* \* \*

469 F.2d at 1059.

In light of the Third Circuit's decision in Masciola, it is clear that the defendant is not entitled to relief based on Attorney Greenfield's inaccurate prediction of the applicable range of imprisonment under the United States Sentencing

Guidelines.[3] The plea agreement between the defendant and the government specifically states that upon entering his plea of guilty, the defendant would be sentenced under the United States Sentencing Guidelines; that the facts relevant to sentencing would be determined initially by the United States Probation Office and finally by the Court; and that the maximum possible penalty with regard to incarceration was a term of imprisonment of not more than 20 years. (Government's Response, Exh. 1). Moreover, during the extensive colloquy conducted by the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure at the time of the defendant's entry of his guilty plea on April 14, 2004 (Government's Response, Exh. 2), the defendant responded affirmatively when asked the following questions:

> (1) whether he understood that he would be sentenced after the Court considered his presentence report;
>
> (2) whether he understood that the maximum penalties for the offense to which he was pleading guilty included a term of imprisonment of up to 20 years;
>
> (3) whether he had entered into a plea agreement with the government;
>
> (4) whether he understood the terms of the plea agreement, including the fact that the maximum possible penalties for the offense to which he was pleading

---

3. Because the Court accepts as true the defendant's claim that Attorney Greenfield made the challenged prediction and due to the written plea agreement and transcript of the guilty plea colloquy, it also is clear that an evidentiary hearing is not required to resolve this argument.

guilty included a term of imprisonment of not more than 20 years;

    (5) whether he and Attorney Greenfield had talked about how the United States Sentencing Guidelines might apply to his case;

    (6) whether he understood that the Court would not be able to determine his sentence under the United States Sentencing Guidelines until after a presentence report had been completed and the parties had an opportunity to challenge the facts in the presentence report;

    (7) whether he understood that after it was determined what guideline sentence applied in his case, the Court had the authority in certain circumstances to impose a sentence that was more severe than the sentence called for by the sentencing guidelines; and

    (8) whether he understood that if the sentence imposed was more severe than he expected, he would still be bound by the guilty plea and would have no right to withdraw the plea.

Finally, during the guilty plea colloquy, the defendant responded negatively to the following questions:

    (1) whether anybody had made any threats to him or to anyone else that forced him to plead guilty;

    (2) whether anyone had made any promise other than the plea agreement that induced him to plead guilty;

    (3) whether, except for his discussions with Attorney Greenfield about the sentencing guidelines, anybody had made any prediction or promise about what his sentence would be;

    (4) whether anything the Court said during the guilty plea colloquy had suggested what his actual sentence would be; and

    (5) whether he had been instructed by Attorney Greenfield, the government's attorney or anybody else

to respond untruthfully to any question about a promised sentence.

B

Next, the defendant asserts that he is entitled to relief from the sentence imposed upon him based on ineffective assistance of counsel. Specifically, the defendant argues that Attorney Greenfield's failure to appeal the sentence imposed upon him, despite his request that Attorney Greenfield do so, constitutes ineffective assistance of counsel. After consideration, the Court also finds this argument meritless.

A court will permit a defendant to withdraw a guilty plea due to ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was unreasonable under all the circumstances based on prevailing professional norms; and (2) the defendant shows that he suffered prejudice as a result of his counsel's errors. See United States v. Jones, 336 F.3d 245, 253-54 (3d Cir.2003). As noted by the government, the defendant's Section 2255 motion reveals that the only issue he wanted to appeal was the voluntariness of his guilty plea based on Attorney Greenfield's inaccurate prediction of the guideline range of imprisonment which would be applicable if he pleaded guilty. For the reasons set forth above in Section III(A), the defendant could not have prevailed on an appeal of this issue. Thus, the defendant is unable to show that he was prejudiced by Attorney Greenfield's failure to appeal his sentence.

IV

Based on the foregoing, the defendant's Section 2255 motion will be denied. Moreover, because the defendant has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Civil Action No. 05-920 |
| | ) Related to Criminal No. 03-279 |
| | ) |
| SHAWN E. MORIN | ) |

ORDER

AND NOW, this 1st day of August, 2005, upon consideration of the motion to vacate, set aside or correct sentence filed by the defendant, Shawn E. Morin, under 28 U.S.C. § 2255 and the government's response thereto, it is hereby ORDERED as follows:

1. The defendant's Section 2255 motion is denied for the reasons set forth in the memorandum accompanying this order.

2. No certificate of appealability shall issue inasmuch as the defendant has not "made a substantial showing of a denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(1).

3. The Clerk shall enter this order as a separate judgment on both the criminal and civil dockets referred to above. These cases shall be marked closed.

_____
William L. Standish
United States District Judge

cc: Shawn E. Morin
    #07986-068
    FCI Gilmer
    P.O. Box 6000
    Glenville, WV 26351

    James H. Love , Esq.
    Assistant United States Attorneys
    United States Courthouse
    4th Floor
    Pittsburgh, PA 15219